**In re Shari L. THOMAS, Debtor.**

**Shari L. Thomas, Appellant,**

**v.**

**Jerry Namba, Chapter 7 Trustee, Appellee.**

**BAP No. CC–02–1307. Bankruptcy No. ND 96–12199–RR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Dec. 19, 2002.

Edythe L. Bronston, the Law Offices of Edythe L. Bronston, Sherman Oaks, CA, for Shari L. Thomas.

David Y. Farmer, Farmer & Ready, San Luis Obispo, CA, for Jerry Namba, Chapter 7 Trustee.

Before KLEIN, PERRIS, and BRANDT, Bankruptcy Judges.

## ORDER

KLEIN, Bankruptcy Judge.

The question on this motion to dismiss appeal as moot is who determines the purchaser's "good faith" under 11 U.S.C. § 363(m) and when.

The trial court did not address the question of "good faith" at the time that it authorized the trustee to sell the real property in issue. We are now asked to dismiss the appeal as moot based on the putative "good faith" of the purchaser and the lack of a stay pending appeal.

We conclude that the determination of "good faith" belongs in the first instance to the bankruptcy court and that when the issue of § 363(m) "good faith" arises for the first time on appeal, it is appropriate to remand to the trial court for the limited purpose of affording it the opportunity to examine and rule upon the fact-intensive question.

## FACTS

The court authorized the trustee to sell real property pursuant to 11 U.S.C. § 363(b) over the debtor's opposition. The debtor appealed.

The court was not asked to, and did not, make findings regarding the "good faith" of the purchaser at the time that it authorized the sale.

The chapter 7 trustee, invoking § 363(m), has moved to dismiss the debtor's appeal because, there being no stay pending appeal, the now-completed sale was to a "good faith purchaser."

## DISCUSSION

### I

The question of "good faith" is central to both of the bankruptcy mootness rules regarding sales of property.

The pre-Bankruptcy Code mootness rule that was carried forward from prior law, which is premised on a perceived special need for finality in bankruptcy sales, requires that the purchaser have acted in "good faith." *Onouli–Kona Land Co. v. Richards (In re Onouli–Kona Land Co.),* 846 F.2d 1170, 1172–73 (9th Cir.1988); *Algeran, Inc. v. Advance Ross Corp.,* 759 F.2d 1421, 1423–25 (9th Cir.1985); *Vista Del Mar Assocs., Inc. v. West Coast Land Fund (In re Vista Del Mar Assocs., Inc.),* 181 B.R. 422, 423–24 (9th Cir. BAP 1995); former Bankr.R. 805.[1]

---

1. Former Bankruptcy Rule 805 provided in pertinent part:

   Unless an order approving a sale of property ... is stayed pending appeal, the sale to a *good faith* purchaser ... shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser ... knows of the pendency of the appeal.

Bankr.R. 805 (as amended, 1976; repealed 1983) (emphasis supplied). The Advisory Committee Note to the 1976 amendments adding this language to former Bankruptcy Rule 805 described it as "declaratory of existing case law." *See Vista Del Mar Assocs.,* 181 B.R. at 424.

The narrower statutory mootness rule embodied in Bankruptcy Code § 363(m) likewise turns on "good faith":

> (m) The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property *in good faith,* whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m) (emphasis supplied).

■ Decisional law tells us that the first requirement of a "good faith" purchaser is that there be an identifiable purchaser. *Ferrari N. Am., Inc. v. Sims (In re R.B.B., Inc.),* 211 F.3d 475, 478–80 (9th Cir.2000) (rev'g dismissal of appeal as moot). Second, generally the purchaser gives "value." *Ewell v. Diebert (In re Ewell),* 958 F.2d 276, 281 (9th Cir.1992).

■ While no bankruptcy judge is likely to approve a sale that does not appear to be in "good faith," an actual finding of "good faith" is not an essential element for approval of a sale under § 363(b). Rather, such a determination usually becomes important with respect to potential mootness when an appeal is taken from the order authorizing the sale. Unless and until "good faith" has been determined, the appeal is not moot under § 363(m).

■ "Good faith" is a factual determination to be reviewed for clear error and can be defeated by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Id.; Southwest Prods., Inc. v. Durkin (In re Southwest Prods., Inc.),* 144 B.R. 100, 102–03 (9th Cir. BAP 1992).

The difficulty with the factual determination is that evidence genuinely probative of "good faith" is not commonly introduced, or even reasonably available, at the time a bankruptcy court approves a sale. To the contrary, the fact-intensive evidence regarding the buyer and relations with parties and interest that may indicate fraud, collusion, or unfair advantage—i.e. evidence suggesting lack of "good faith"—tends to emerge after the sale.

Recognizing this difficulty, a bankruptcy court may, in the absence of a well-developed factual record, prefer to take the cautious approach of either refusing to make "good faith" findings or limiting remarks about "good faith" to the nonspecific observation that the court has no reason to doubt that the parties are proceeding in "good faith."

A bankruptcy court that does have a proper evidentiary basis for a finding of "good faith" is, of course, entitled to do so as part of the sale process.

■ The choice of whether to make a finding of "good faith" as part of the initial sale process belongs, in this circuit, to the bankruptcy court. Because findings of "good faith" made at the time of the sale may be premature because they are made before the really interesting facts emerge, the Ninth Circuit does not require that a finding of "good faith" be made at the time of sale and has rejected the Third Circuit's contrary rule. *Onouli–Kona Land Co.,* 846 F.2d at 1174, *rejecting In re Abbotts Dairies of Pa., Inc.,* 788 F.2d 143, 149–50 (3rd Cir.1986).

■ If an issue regarding "good faith" arises after the § 363(b) sale order is entered, regardless of whether the court initially made a "good faith" finding, the appropriate procedure for addressing the issue is provided by Federal Rules of Civil Procedure 59 and 60, which apply in

bankruptcy by virtue of Federal Rules of Bankruptcy Procedure 9023 and 9024. Fed.R.Civ.P. 59, *incorporated by* Fed. R. Bankr.P. 9023; Fed.R.Civ.P. 60, *incorporated by,* Fed. R. Bankr.P. 9024. The actual dynamics of the litigation of such a motion will depend in part on the state of the previous record regarding "good faith" and whether there was a prior finding.

■ In deciding Rule 59 and 60 motions, the bankruptcy court will make findings of fact regarding "good faith" (either for the first time or supplementing prior findings), which findings may thereafter be reviewed on appeal for clear error.

## II

■ Since "good faith" is not an essential element of a § 363(b) sale motion and need not be determined at the time of sale, there was no requirement that the bankruptcy court make findings regarding "good faith" when authorizing the sale in this appeal. Now that the question has arisen, it has become appropriate for the bankruptcy court to do so.

The pendency of an appeal, however, presents the additional complication that the bankruptcy court has lost jurisdiction over the order and the "good faith" issue during the appeal. *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *Hill & Sanford, LLP v. Mirzai (In re Mirzai),* 236 B.R. 8, 10 (9th Cir. BAP 1999); 20 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 303.32[1] (3rd ed.1999). Yet an appellate court is ill-equipped to take evidence and make findings on such a fact-intensive question as "good faith;" that is the role of the trial court.

The bankruptcy court, however, is prevented by the rule of exclusive appellate jurisdiction from altering the status quo of the appeal. *McClatchy Newspapers v.* *Cent. Valley Typographical Union,* 686 F.2d 731, 734–35 (9th Cir.1982); *Mirzai,* 236 B.R. at 10. New factual findings regarding "good faith" would alter the status quo because they could operate to moot the appeal and, in any event, would introduce the possibility of a new appellate issue regarding the "good faith" findings.

The solution to the dilemma posed by the rule of exclusive appellate jurisdiction when a plausible, and potentially dispositive, issue of "good faith" is raised for the first time on appeal is the device of the limited remand to the trial court for the purpose of determining the factual question of "good faith." 16 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3937.1 at n. 29 (2d ed.1996).

Accordingly, while the bankruptcy court did not err in omitting to make findings regarding "good faith" at the time the sale was authorized under § 363(b), it is appropriate to remand for a limited period, and limited purpose, of determining the factual question of "good faith" by way of a motion under Civil Rule 60(b) now that the issue has arisen.

IT IS ORDERED that this appeal be remanded to the bankruptcy court for a period of sixty days from the date hereof for the limited purpose of entertaining a Rule 60(b) motion to determine whether the buyer purchased the subject property in "good faith."