**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-17-1155-TaFS |
| CYNTHIA ANN McCLENNY, | Bk. No. 9:16-bk-10556 |
| Debtor. | |
| CYNTHIA ANN McCLENNY, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| STEPHEN McCLENNY; | |
| SANDRA McBETH, Trustee, | |
| Appellees. | |

Argued and Submitted on February 22, 2018
at Pasadena, California

Filed – March 6, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Peter H. Carroll, Bankruptcy Judge, Presiding

Appearances:   Susan A. Hemb of Hemb Law Group argued for appellant; William Charles Beall of Beall & Burkhardt argued for appellee Sandra McBeth, Trustee.

Before:   TAYLOR, FARIS, and SPRAKER, Bankruptcy Judges.

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

## INTRODUCTION

After two years of apparently acrimonious divorce proceedings, Cynthia Ann McClenny filed a bankruptcy petition. Her former husband, Stephan McClenny, resided in the marital home and ran a veterinary business from the property; but Debtor appropriately scheduled an interest in the marital homestead as an asset of her estate. Her chapter 7[1] trustee then sought to sell the estate's interest to Dr. McClenny; the trustee also wanted to settle all ownership disputes with him. The bankruptcy court granted the trustee's sale and compromise motion and found that Dr. McClenny was a § 363(m) good faith purchaser.

Although Debtor did not obtain a stay pending appeal, she challenges the bankruptcy court's § 363(m) finding and attacks the sale. She does not, however, show that the bankruptcy court clearly erred or abused its discretion.

Accordingly, we AFFIRM.

## FACTS

In 2014, Debtor filed a petition for dissolution of her marriage with Dr. McClenny in the San Luis Obispo Superior Court; the superior court entered a judgment of dissolution in December of 2016.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

Earlier in 2016, Debtor had filed a chapter 7 petition.[2] On her Schedule A/B, she listed a fee simple interest in real property in San Miguel, California (the "Property"), valued it at $650,000, and characterized it as community property. She also identified Wells Fargo Home Mortgage as the holder of a $400,000 secured claim against the Property.

Sandra McBeth was appointed as the chapter 7 trustee. She filed a notice designating the case as an asset case and established a claims bar date.

**The Trustee liquidates the Property.** The Trustee took a natural interest in the Property; it was the only scheduled asset with equity. She initially sought permission to sell the Property to Dr. McClenny for $100,000. Debtor opposed, and the bankruptcy court denied the motion without prejudice.

The Trustee followed with a second motion. First, she sought to sell the estate's fractional interest in the Property to Dr. McClenny for $130,000, subject to overbid. Dr. McClenny agreed to acquire title subject to existing liens; the Trustee estimated these at $409,018. The motion also sought approval of a resolution of the disputes between Dr. McClenny and the estate regarding percentage ownership of the Property, as he asserted a separate property interest in it, contrary to Debtor's schedules and claims. The points and authorities supporting the motion reported that total claims filed against the estate totaled less

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

than $50,000 and that this sale would allow payment in full of all claims.

The Trustee's declaration provided evidence of her due diligence in connection with the sale and compromise. She did not employ a real estate professional to market the Property, but she had a broker evaluate the prospects for its sale. The broker opined that the Property could sell for about $700,000, but only if it were vacant.

And, in the absence of a settlement, vacancy would necessarily require that the estate undertake the potentially complex and difficult process of involuntarily ousting Dr. McClenny from possession. Further, maximization of recovery absent a settlement might require victory in other potentially costly litigation. The Trustee also observed that Debtor filed numerous documents describing Dr. McClenny as violent and dangerous; she did not adopt these statements as true, but she accepted that there was potentially unusual risk in contesting the situation with Dr. McClenny. The record supports the Trustee's evaluation; Dr. McClenny had a significant ownership interest in the Property, it was both his home and his place of business, he was in sole possession as of the petition date, and he was reported to be difficult to deal with.

Debtor again opposed. Initially, she merely questioned the bankruptcy court's jurisdiction over the Property. Later, she filed supplemental opposition papers and raised a host of new arguments. And the day before the hearing, Debtor filed a request for judicial notice of one of our opinions, Brace v. Brace (In re Brace), 566 B.R. 13 (9th Cir. BAP 2017). The

4

Trustee responded with a motion to strike the supplemental papers.

At the hearing, the bankruptcy court recognized that the new motion contained additional information, that the Trustee had obtained an additional $30,000 in value, and that the sale was subject to the first trust deed. It overruled Debtor's jurisdictional argument and explained correctly that, when a bankruptcy petition is filed after a dissolution petition but before the final disposition of the community property, both the community property and Debtor's separate property are within the bankruptcy court's jurisdiction. While it stated that this was the only basis for timely objection, there is nothing in the record evidencing that it granted the Trustee's motion to strike Debtor's other late-filed objections. Finally, it noted the absence of any dispute that the estate was receiving fair market value.

The bankruptcy court then approved the sale and compromise; it found that the estate was receiving fair value for its interest in the Property, that the sale was a proper exercise of the Trustee's business judgment, and that the compromise was fair and equitable and in the best interests of the estate. In addition, it found that Dr. McClenny was a § 363(m) good faith purchaser.

The bankruptcy court entered an order consistent with these conclusions (the "Order").[3]

---

[3] The bankruptcy court also entered an amended order that included the legal description of the Property.

Debtor timely appealed.

**Post-appeal events**. Debtor did not seek a stay pending appeal from the bankruptcy court. Instead, in response to the Trustee's motion to dismiss the appeal as moot, Debtor sought a stay pending appeal from the BAP. The Panel denied the Trustee's motion to dismiss without prejudice and also denied Debtor's request for a stay pending appeal.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(N). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Is the appeal statutorily moot under § 363(m)?

Did the bankruptcy court abuse its discretion in granting the motion to sell and approving the settlement?

## STANDARDS OF REVIEW

We review mootness de novo. Wilson v. Lynch, 835 F.3d 1083, 1091 (9th Cir. 2016). But we review a § 363(m) "good faith" finding for clear error. Thomas v. Namba (In re Thomas), 287 B.R. 782, 785 (9th Cir. BAP 2002).

We review § 363 sale orders for an abuse of discretion. Fitzgerald v. Ninn Worx Sr, Inc. (In re Fitzgerald), 428 B.R. 872, 880 (9th Cir. BAP 2010). And we likewise review the bankruptcy court's approval of a settlement for an abuse of discretion. Martin v. Kane (In re A & C Props.), 784 F.2d 1377, 1380 (9th Cir. 1986).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or

6

makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

Debtor profoundly misunderstands what happened in the bankruptcy court. As a result, her arguments lack merit. In particular, and fatally, she fails to adequately challenge the bankruptcy court's finding that Dr. McClenny was a good faith purchaser under § 363(m). Affirmance is required.

**A.    Debtor waived her jurisdictional arguments on appeal.**

Before the bankruptcy court, Debtor's timely opposition was limited to an attack on the bankruptcy court's jurisdiction over the Property, its sale, and the compromise of the disputes with Dr. McClenny as to title. We agree with the bankruptcy court that the argument is meritless.[4] And, in any event, Debtor did not preserve this argument on appeal; we do not consider it further. See Padgett v. Wright, 587 F.3d 983, 986 n.2 (9th Cir. 2009) (per curiam) (appellate courts "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief").

The Trustee argues that this is the only determination we

---

[4]  For "purposes of § 541(a)(2), all community property not yet divided by a state court at the time of the bankruptcy filing is property of the bankruptcy estate." Dumas v. Mantle (In re Mantle), 153 F.3d 1082, 1085 (9th Cir. 1998). Cf. Keller v. Keller (In re Keller), 185 B.R. 796, 800-801 (9th Cir. BAP 1995).

need to make on appeal. But, in oral argument, she acknowledged her position's vulnerabilities; Debtor raised a number of untimely arguments, the Trustee moved to strike them, but the bankruptcy court did not rule on this motion. In an abundance of caution, we address Debtor's additional arguments.

**B. Debtor waived objection to approval of the settlement on appeal.**

The bankruptcy court approved a joint sale of the Property and settlement of the percentage of ownership dispute between the estate and Dr. McClenny. This combination was proper. See Adeli v. Barclay (In re Berkeley Del. Court, LLC), 834 F.3d 1036, 1040 (9th Cir. 2016).

Rule 9019 allows the bankruptcy court to approve a compromise or settlement, and it has great latitude in approving compromises; it may approve a compromise if it is fair and equitable. Fed. R. Bankr. P. 9019(a); Woodson v. Fireman's Fund Ins. Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir. 1998) (citing In re A & C Props., 784 F.2d at 1381). The bankruptcy court considers four factors when determining whether a compromise is fair and equitable. In re A & C Props., 784 F.2d at 1381. Here, the bankruptcy court considered those four factors and found the compromise fair and equitable.

Debtor does not directly argue in her opening brief that the bankruptcy court abused its discretion in approving the settlement. She never discusses the A & C factors. She thus waived any dispute as to these matters. See Padgett, 587 F.3d at 986 n.2. And if she intends her arguments in connection with the sale to somehow relate to the settlement, they lack merit as

8

discussed below.

**C.    The appeal is statutorily moot.**

The Trustee argues that the appeal is statutorily moot under § 363(m).

Section 363 authorizes a trustee to sell property of the estate.  In § 363(b) sale motions, the bankruptcy court's obligation "is to assure that optimal value is realized by the estate under the circumstances."  Simantob v. Claims Prosecutor, LLC (In re Lahijani), 325 B.R. 282, 288 (9th Cir. BAP 2005).  Here, the bankruptcy court approved the sale under § 363(b) and found that the estate was receiving fair value for the estate's interest in the Property.

Under § 363(m), when a "sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal."  Paulman v. Gateway Venture Partners III, LP (In re Filtercorp, Inc.), 163 F.3d 570, 576 (9th Cir. 1998); 11 U.S.C. § 363(m).[5]  An "[a]bsence of good faith is 'typically shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" In re Berkeley Del. Court, LLC, 834 F.3d at 1041 (quoting In re Filtercorp, Inc., 163 F.3d 570, 577 (9th Cir. 1998)).  And the relevant focus of inquiry is good faith during the course of the sale proceedings.  Cmty. Thrift & Loan v. Suchy

---

[5]  Recent Ninth Circuit caselaw clarifies that § 363(m) may apply to both standard § 363 sales and to sales of claims under a Rule 9019 settlement.  In re Berkeley Del. Court, LLC, 834 F.3d at 1039-40.

*(In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985).

We start with the obvious. The bankruptcy court found that Dr. McClenny purchased the Property in good faith; the Order was not stayed. Statutory mootness facially exists on these facts.

But the statutory mootness argument has a potential vulnerability. Debtor attacks the good faith finding itself on appeal. If we reverse on this point, the examination of the sale itself could proceed. See *Ferrari of N. Am., Inc. v. Sims (In re R.B.B., Inc.)*, 211 F.3d 475, 480 (9th Cir. 2000). Here, however, Debtor advances neither evidence nor argument that adequately challenges the § 363(m) good faith determination.

Debtor's arguments are difficult to follow — and in some cases an argument allegedly focused on good faith is more aptly cabined as a direct attack on the sale. As a result, we briefly address all arguments regarding the good faith finding and the sale without differentiating as to their focus. All lack merit.

- Debtor confuses the standards required for good faith purchaser for value status under nonbankruptcy law with those required for a § 363(m) good faith finding. She is correct that to be a good faith purchaser for value, taking title free of liens and adverse claims to the property, one must both purchase in good faith and without knowledge of liens; but Dr. McClenny's obvious knowledge of the liens against the Property is irrelevant under § 363(m). He is not attempting to take title free of the liens – this sale is expressly subject to any and all existing liens whether he knows about them or not.

- Alleged misdeeds during the dissolution process are not

10

relevant in the § 363(m) good faith context. Dr. McClenny can be a good faith buyer vis a vis the bankruptcy estate and the Trustee even if his relationship with Debtor is acrimonious; Debtor's remedy is to seek orders and liens from the family court as opposed to thwarting a sale that maximizes value for her estate.

- The Trustee did not collude with Dr. McClenny and gift him "$562,000 of estate funds by applying them to the satisfaction of the first position mortgage obligation . . . ." The Trustee sold the Property subject to the first trust deed. Dr. McClenny remains obligated on this debt; sales proceeds were not used to reduce this secured obligation.

- The fact that the Trustee and Dr. McClenny signed the sale contract before bankruptcy court approval is of no moment. The agreement was "expressly subject to Bankruptcy Court approval in the Bankruptcy Proceeding." This is standard practice rather than cause for reversal; if an overbidder emerged, the agreement would have been without force or effect because the bankruptcy court would not have approved it.

- Debtor's broad assertion that evidence existed to show the "Trustee's dereliction of her fiduciary duties owed to the estate and to the creditors" and sufficed as justification for appeal falls short. She questions the Trustee's decision to liquidate the Property and not any of Debtor's other assets. But this decision was entirely consistent with the Trustee's statutory obligation to liquidate the

11

estate expeditiously. 11 U.S.C. § 704(1). And embedded in this duty is the requirement to maximize the value of estate assets. See United States v. Sims (In re Feiler), 218 F.3d 948, 952 (9th Cir. 2000). Here, the Trustee decided to promptly liquidate the Property that Debtor on appeal describes as "the last equity-holding asset." The Trustee reasonably anticipated that proceeds would be sufficient to pay all claims against the estate, and the sale and compromise avoided costs of litigation and sale. In doing so, the Trustee exercised her business judgment, and the bankruptcy court's approval of this decision was not erroneous.

- Debtor erroneously asserts that In re Brace controls the decision here and required the bankruptcy court "to consider and apply California family law statutes and case law mandating the equal division of marital property and minimizing [Debtor]'s financial distress . . . ." So far as we can tell, her argument is a variation of her general complaint that the Trustee liquidated the estate's interest in the Property first; she asserts that the Trustee should have valued the entire community estate and resolved all community property equalization issues at a trial. We disagree. Debtor's misguided request that the bankruptcy court resolve the pending marital dissolution disputes is not appropriate. In re Brace applies in bankruptcy disputes involving the characterization of marital property. 566 B.R. at 19. So In re Brace would apply if the Trustee decided to litigate the appropriate

12

characterization of the Property. Here, the Trustee elected to settle any disputes about Dr. McClenny's separate property interest in the Property.

- The sale will not impede Debtor's right to future liens from the family court; she failed to establish, or even argue, that she had an existing lien at the time of sale. But nothing in the bankruptcy court's decision bars her from family court relief.

- Debtor wrongly argues that the sale price was too low based on a homestead exemption that the bankruptcy court found improper in a final and unappealed order. The homestead, however, even if capable of assertion, would never reduce the purchase price; it merely impacts distribution of proceeds. And, in attacking the sale price, she never addresses the fact that the sale was subject to overbid but no overbidders materialized. This argument is unavailing.[6]

- The bankruptcy court did not commit "structural" error by granting "the sale order as between co-owners, without an adversary proceeding" as allegedly required by Rule

_____

[6] We also note that, as the bankruptcy court found, the estate received fair value. The estate received $130,000. If the Trustee sold the Property to a third party for $700,000, any recovery would be reduced by approximately $409,018, the amount secured by the first trust deed. Further, the sale price would certainly be reduced by the other costs the Trustee avoided by selling directly to Dr. McClenny: sale costs (marketing, broker's fee, etc.); costs of litigation over the parties' ownership claims; and costs of litigation to evict Dr. McClenny and obtain possession. The estate claimed at most a 50% interest in the property. So instead of recovering less than $128,000.00 ($700,000.00 less $409,000.00 less 5% costs of sale or $35,000.00 divided by two), the Trustee recovered $130,000.

13

7001(3). Debtor wrongly believes that this was a § 363(h)[7] sale of Dr. McClenny's interest in the Property. In fact, the Trustee sought to sell the estate's fractionalized interest in the Property to the co-owner, Dr. McClenny. Thus, neither § 363(h) nor Rule 7001(3) (which states that a § 363(h) sale requires an adversary proceeding) were implicated.

- Debtor's claim that Dr. McClenny's debts to her are priority claims under §§ 504 and 721 and thus that creditors are not likely to be paid from the sale proceeds is nonsensical. Debts owed to Debtor are estate **assets;** the Trustee will not pay them. And Debtor does not have a right to a priority payment over her estate's creditors.

- Debtor's expressed concern at oral argument that the Order will have preclusive effect in the dissolution proceedings is difficult to square with reality. The bankruptcy court necessarily decided that the sale was for reasonable value and that the compromise was fair and reasonable. The bankruptcy court did not have to decide what Debtor's and Dr. McClenny's relative property interests in the Property were.[8] Nor did the bankruptcy court have to decide if

---

[7] Section 363(h) allows the trustee to sell both the estate's interest and the interest of certain co-owners.

[8] In fact, that is one point of a Rule 9019 compromise motion: the "purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." In re A & C Props., 784 F.2d at 1380-81. The law

(continued...)

14

Debtor had any liens arising out of family law court matters, much less if they attached or remain attached to the Property. And the bankruptcy court certainly did not decide any California law based marital dissolution issue.

- Debtor erroneously contends that the Trustee should have brought her motion under § 363(d), not § 363(b). Section 363(d) applies when the **debtor in bankruptcy** is a type of trust. Here, Debtor is a person and it is irrelevant that a marital (family) trust holds title to the Property; Debtor's interest in this trust was an asset of the estate that the Trustee could sell.[9]

In sum, Debtor has not shown that the bankruptcy court clearly erred when it found that Dr. McClenny was a good faith purchaser under § 363(m).[10] Accordingly, we AFFIRM the bankruptcy court's § 363(m) finding and, as a result, "the sale may not be modified or set aside on appeal unless it was stayed pending appeal." In re Berkeley Del. Court, LLC, 834 F.3d at 1041. It was not stayed. So what remains of the appeal is moot. Id.

---

[8](...continued)
"favors compromise and not litigation for its own sake . . . ." Id. at 1381.

[9] In any event, she also failed to raise this argument before the bankruptcy court; she thus waived it on appeal. Samson v. W. Capital Partners, LLC (In re Blixseth), 684 F.3d 865, 872 n.12 (9th Cir. 2012) (appellate court may decline to address argument not raised before bankruptcy court).

[10] Debtor also requests attorney's fees and costs on appeal. Given our affirmance, we deny this request.

15

**CONCLUSION**

Based on the foregoing, we AFFIRM.