

# FILED

JUL 8 2019

## NOT FOR PUBLICATION

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

In re:

DAVID KENNETH LIND,

Debtor.

DAVID KENNETH LIND,

Appellant,

v.

HANK SPACONE, Chapter 7 Trustee,

Appellee.

BAP No. EC-18-1271-TaBS

Bk. No. 2:16-bk-27672

MEMORANDUM*

Argued and Submitted on June 20, 2019
at Sacramento, California

Filed – July 8, 2019

Appeal from the United States Bankruptcy Court
for the Eastern District of California

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Robert S. Bardwil, Bankruptcy Judge, Presiding

---

Appearances: David Kenneth Lind argued pro se; Kristen Renfro argued for appellee.

---

Before: TAYLOR, BRAND, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Debtor David Lind entered bankruptcy owning a vineyard property under contract for sale. Unfortunately, his paths to both asset sale and reorganization proved rocky; the sale fell through postpetition, and his case was eventually converted to chapter 7.[1] The chapter 7 trustee then located a new purchaser for the property, albeit at a price below the unachieved prepetition sale price. The bankruptcy court approved this sale over Debtor's objection and also found that the buyer was a § 363(m) purchaser in good faith. On appeal, Debtor does not establish that the bankruptcy court clearly erred in this good faith determination.

Accordingly, we AFFIRM the § 363(m) finding and DISMISS the remainder of the appeal as statutorily moot.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

## FACTS

In November 2016, Debtor filed a chapter 12 bankruptcy case. In an early case status report, he stated that he was a grape farmer, owned four separate vineyard properties encumbered by loans, and wanted to sell the properties and pay his debts in full. He advised that one of the properties (the "Property") was under contract for sale for $3,160,000, but he acknowledged that it was a "complicated transaction" (the "First Sale Attempt").

Almost immediately, the chapter 12 trustee sought dismissal of the case. Debtor responded by seeking conversion to chapter 11. The bankruptcy court granted the conversion motion over objection; it later ordered appointment of a chapter 11 trustee. Hank Spacone then became the chapter 11 trustee and undertook sale, marketing, and other efforts to sell the Property.

As part of this endeavor, the Trustee filed a motion to approve a lot-line adjustment agreement in order to resolve a dispute and obtain reconveyance of the second trust deed against the Property. The bankruptcy court granted the motion over Debtor's opposition; Debtor did not appeal from this order.

After several months of effort the Trustee moved to sell the Property, subject to overbid and free of clear of specified interests, for $2,440,000 (the "Second Sale Attempt"). The bankruptcy court granted the motion.

3

Thereafter, Debtor filed a "notice of objection" to the sale order, which was treated as a notice of appeal, generating BAP No. EC-18-1001 (the "First Appeal").

While the First Appeal was pending, the bankruptcy court granted the Trustee's request to convert the case from chapter 11 to chapter 7. Mr. Spacone continued as trustee in the chapter 7 case.

The Trustee and purchaser subsequently agreed to abandon the Second Sale Attempt. As a result, we granted the Trustee's motion to dismiss the First Appeal.

The Trustee later filed a new motion to sell the Property to Lange Twins Limited Partnership (the "Buyer") for $2,200,000, subject to overbid and free and clear of specified interests. The Trustee also sought a finding that the Buyer was a good faith purchaser under § 363(m). The Trustee noted that, if this sale was approved and if another sale closed as expected, the estate would be able to satisfy all obligations and return approximately $335,657 to Debtor and his spouse.

In support of the sale motion, the Trustee attached his declaration evidencing his marketing and sales efforts, expectation that there might be overbidders, and the reasoning behind his belief that the sale price approximated the Property's fair market value. In short, he based his valuation on his review of comparable sales, consultation with a broker, inspection of the Property, and review of a broker's opinion of value. To

4

support his request for a § 363(m) finding of good faith, he also submitted a declaration from a representative of the Buyer. The declarant stated, in part, that: the purchase was an arm's length transaction; he had not engaged in any collusive bidding tactics to deflate the Property's value or deter overbids; the Buyer was not a creditor of the Debtor; and the Buyer had no previous relationship with the Trustee.

Debtor filed an untimely opposition based on his assertion that the sale price was too low. He referred to the First Sale Attempt and the proposed $3,160,000 sale price but conceded that it fell through. He also referred to an alleged earlier offer of $3,000,000 for the Property. Last, he pointed to the sale of another, in his view comparable, property.

Despite his written objection, Debtor did not appear at the hearing on the sale motion. The bankruptcy court noted that there was no timely opposition but, notwithstanding, considered Debtor's untimely opposition and concluded that it was not meritorious. The bankruptcy court then confirmed that there were no overbidders, granted the motion, and found that the Buyer was a good faith purchaser under § 363(m).

That same day, the bankruptcy court entered civil minutes and its order (the "Sale Order"). The Sale Order included the following: "The Buyer has been found to be in good faith under 11 U.S.C. Section 363(m)."

On October 1, 2018, Debtor timely appealed.

**Post-appeal events**. On October 2, 2018, Debtor filed a motion to stay

the sale. On October 10, 2018, the Trustee filed a notice reporting that the sale had been completed. Two days later, the Trustee opposed the stay motion on mootness grounds. On October 31, 2018, the bankruptcy court denied the motion as moot.

The Trustee also sought dismissal of Debtor's appeal as moot. We denied the motion because Debtor was challenging the § 363(m) good faith finding.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(N). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court clearly err when it made a § 363(m) finding?

Is the appeal statutorily moot under § 363(m)?

## STANDARDS OF REVIEW

Although we review mootness de novo, *Wilson v. Lynch*, 835 F.3d 1083, 1091 (9th Cir. 2016), we review a § 363(m) "good faith" finding for clear error. *Thomas v. Namba (In re Thomas)*, 287 B.R. 782, 785 (9th Cir. BAP 2002).

"Clearly erroneous review is significantly deferential, requiring that the appellate court accept the [trial] court's findings absent a definite and firm conviction that a mistake has been made." *United States v. Syrax*,

6

235 F.3d 422, 427 (9th Cir. 2000) (internal quotation marks omitted). The bankruptcy court's choice among multiple plausible views of the evidence cannot be clear error. *United States v. Elliott*, 322 F.3d 710, 714 (9th Cir. 2003). A factual finding is clearly erroneous, however, if, after examining the evidence, the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). Put differently, a factual finding is clearly erroneous if it is illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

We begin by emphasizing that we liberally construe Debtor's pro se appellate briefs. *See Cruz v. Stein Strauss Trust # 1361 (In re Cruz)*, 516 B.R. 594, 604 (9th Cir. BAP 2014).[2] We similarly consider the arguments he made at oral argument. But here there is a significant disconnect between the critical issue, the Buyer's good faith, and the Debtor's apparent concerns, the sale price primarily and the Trustee's actions in general.

**Our appellate review is limited to the Sale Order.** We start by

---

[2] Nearly a month after filing his appellate reply brief, Debtor filed additional documents. We **strike** these supplemental documents. We do not evaluate new evidence and confine our review to the record as presented to the bankruptcy court. *United States v. Waters*, 627 F.3d 345, 355 n.3 (9th Cir. 2010) ("Facts not presented to the district court are not part of the record on appeal.").

7

clarifying the scope of this appeal. In his informal opening brief, Debtor rightly states that he is appealing the October 5, 2018 sale order. Despite that, he takes issue with: the decisions converting the case to chapter 11 and later to chapter 7; the bankruptcy judge's refusal to remove the Trustee; both of his attorneys' acts, alleged misdoings, and alleged malpractice; the bankruptcy judge's positive statements about the Trustee and the United States Trustee's Program's oversight of the Trustee; the Trustee's choice of real estate agents; and the Trustee's other decisions in the case. But our jurisdiction in this appeal extends only to the Sale Order. We do not have jurisdiction over the order denying Debtor's motion to remove the Trustee, nor can we order removal of the Trustee; Debtor's appeal from that order has been dismissed as interlocutory. BAP No. EC-18-1179, Dkt. No. 8.

**We affirm the bankruptcy court's § 363(m) finding; as a result, the remainder of the appeal is statutorily moot.** Section 363 authorizes a trustee to sell property of the estate. In § 363(b) sale motions, the bankruptcy court's obligation "is to assure that optimal value is realized by the estate under the circumstances." *Simantob v. Claims Prosecutor, LLC (In re Lahijani)*, 325 B.R. 282, 288 (9th Cir. BAP 2005). Here, the bankruptcy court approved the sale under § 363(b) and found that the estate was receiving fair value for the estate's interest in the Property.

Under § 363(m), when a "sale of assets is made to a good faith

8

purchaser, it may not be modified or set aside unless the sale was stayed pending appeal." *Paulman v. Gateway Venture Partners III, LP (In re Filtercorp, Inc.)*, 163 F.3d 570, 576 (9th Cir. 1998); 11 U.S.C. § 363(m). An "[a]bsence of good faith is 'typically shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.' " *Adeli v. Barclay (In re Berkeley Del. Court, LLC)*, 834 F.3d 1036, 1041 (9th Cir. 2016) (quoting *Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.)*, 163 F.3d 570, 577 (9th Cir. 1998)). And the relevant focus of inquiry is good faith during the course of the sale proceedings. *Cmty. Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985).

To start, the bankruptcy court's Sale Order finds that the buyer purchased the Property in good faith, and the Sale Order was not stayed. Statutory mootness exists, at least facially, on these facts. But Debtor attacks the good faith finding itself: he baldly asserts that the sale was not in good faith. And, if we reverse on this point, we could examine the sale itself. *See Ferrari of N. Am., Inc. v. Sims (In re R.B.B., Inc.)*, 211 F.3d 475, 480 (9th Cir. 2000).

But Debtor never raised this assertion of a lack of good faith with the bankruptcy court; we treat it as waived and see no exceptional circumstances that warrant considering the matter for the first time on appeal. *Mano-Y&M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998

(9th Cir. 2014) ("A litigant may waive an issue by failing to raise it in a bankruptcy court."). *Cf. Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal . . . are deemed forfeited.").

Further, Debtor's murmuring the words "good faith", *see* Opening Br. at 2 ("I am appealing the sale of the estates Davis Rd property due to the lack of good faith . . . ."), without any corresponding argument or reference to the underlying facts, does not adequately challenge the § 363(m) good faith determination. *Cf. Christian Legal Soc. Chapter of Univ. of California v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010) ("[W]e won't consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief. Applying this standard, we have refused to address claims that were only argued in passing or that were bare assertions . . . with no supporting argument.") (internal quotation marks and alterations omitted).

Even if we consider Debtor's other appellate filings, his position on good faith is not persuasive. In opposition to the Trustee's motion to dismiss the appeal, he argued that the sale was not in good faith under § 363(m) because the purchase price was $1,000,000 below fair market value, which the Buyer knew. But a good faith finding does not turn on the purchase price in isolation.

Debtor does not argue fraud or collusion, nor does he argue that the Buyer sought to take an unfair advantage over other bidders. More to the

10

point, the bankruptcy court's finding of good faith was supported by the record. The Trustee submitted a declaration from the Buyer establishing its good faith. Further, the Trustee provided evidence of reasonable attempts to market the Property and to attract overbidders. The only offer came from the Buyer. Debtor presented no contrary evidence.

We thus conclude that the bankruptcy court did not clearly err when it found that the sale was in good faith under § 363(m). Accordingly, we affirm the bankruptcy court's § 363(m) finding and, as a result, "the sale may not be modified or set aside on appeal unless it was stayed pending appeal." *In re Berkeley Del. Court, LLC*, 834 F.3d at 1041. It was not stayed, so what remains of the appeal is statutorily moot. *Id.*

## CONCLUSION

Based on the foregoing, we AFFIRM the § 363(m) finding and DISMISS the remainder of the appeal as statutorily moot.