FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE BERKELEY DELAWARE COURT, LLC, *Debtor*, | No. 14-55854 |
| | D.C. No. 3:12-cv-02908-CAB-MDD |
| SAID ADELI, *Plaintiff-Appellant*, v. CHRISTOPHER R. BARCLAY, Chapter 7 Trustee, *Trustee-Appellee*, FIRST CITIZENS BANK & TRUST COMPANY, *Defendant-Appellee*. | OPINION |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted May 3, 2016
Pasadena, California

Filed August 23, 2016

Before: Raymond C. Fisher, Milan D. Smith, Jr.,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Nguyen

---

# SUMMARY[*]

---

## Bankruptcy

The panel affirmed the district court's order dismissing a bankruptcy appeal as moot under 11 U.S.C. § 363(m).

The debtor's owner appealed the bankruptcy court's approval of a settlement agreement between the Chapter 7 trustee and a creditor that had sought to foreclose on the debtor's construction project. The panel held that the appeal was moot because the owner did not seek a stay of the bankruptcy court's order allowing the sale to the creditor of the bankruptcy estate's legal claims arising out of a state court case filed by the debtor against the creditor. Agreeing with other circuits and with the Ninth Circuit Bankruptcy Appellate Panel, the panel held that a bankruptcy court has discretion to apply the procedures of § 363(m) to a sale of claims pursuant to a settlement approved under Bankruptcy Rule 9019. In addition, the bankruptcy court did not clearly err in determining that the creditor was a good faith purchaser of the debtor's claims. Under § 363(m), therefore, the sale could not be modified or set aside on appeal unless it was stayed pending appeal.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Eric M. Schiffer (argued), Costa Mesa, California; Mohammed K. Ghods and William A. Stahr, Ghods Law Firm, Santa Ana, California; for Plaintiff-Appellant.

Lisa Torres (argued), Gates, O'Doherty, Gonter & Guy, LLP, San Diego, California; J. Barrett Marum (argued), Karin Dougan Vogel, and Aaron J. Malo; Sheppard, Mullin, Richter & Hampton LLP, San Diego, California; for Defendants-Appellees.

**OPINION**

NGUYEN, Circuit Judge:

Said Adeli appeals the district court's order dismissing his bankruptcy appeal as moot under § 363(m) of the Bankruptcy Code. We find no error and affirm.

**I**

About twenty years ago, Adeli bought a parcel of land in Berkeley, California, and formed Berkeley Delaware Court, LLC ("Debtor") for the purpose of constructing a mixed-use building on the property. In 2007, Debtor obtained a $16.25 million construction loan that was later sold to First-Citizens Bank & Trust Company ("First-Citizens"). First-Citizens eventually attempted to foreclose on the project, which prompted Debtor to file a Chapter 11 bankruptcy petition and a lawsuit against First-Citizens in the California Superior Court. After First-Citizens successfully removed the state court action to the bankruptcy court to be consolidated with the bankruptcy case, the parties reached a settlement. Under the terms of the settlement, First-Citizens

agreed to reduce the loan pay-off amount by several millions of dollars on the conditions that Debtor pay the entire loan balance by a fixed date, and that construction on the project would be completed within six months.  The settlement fell apart for reasons disputed by the parties.  Debtor then filed a second Chapter 11 bankruptcy petition, and another action in state court alleging that First-Citizens acted fraudulently in connection with the project.  Once again, First-Citizens successfully removed the state court action to bankruptcy court and consolidated it with the bankruptcy petition.  First-Citizens obtained relief from the automatic stay, took possession of the project, and sold it to a third-party purchaser for $11,925,000, leaving First-Citizens with a deficiency claim of approximately $7 million. First-Citizens also filed cross-claims in the state action, alleging various breaches of the settlement agreement by Debtor including entering into leases and collecting rents.  Based on the alleged breaches, First-Citizens asserted an administrative priority claim against the bankruptcy estate.

The bankruptcy court eventually converted the bankruptcy case to a Chapter 7 proceeding and appointed a Trustee, who met with counsel for Debtor and First-Citizens to explore settlement options.  A few months after his appointment, the Trustee reached a settlement with First-Citizens that allowed First-Citizens to purchase the estate's legal claims arising out of the state court case, subject to overbid procedures, in exchange for cash and a waiver of First-Citizens' claims against the estate.  The Trustee filed a motion seeking approval of the settlement under Federal Rule of Bankruptcy Procedure 9019 and the sale of the estate's claims under 11 U.S.C. § 363(b), which the bankruptcy court granted.

In support of the motion, the Trustee submitted a declaration which outlined the terms of the settlement and his evaluation of those terms.  The Trustee declared that the settlement allowed First-Citizens to purchase the estate's legal claims as reflected in the state court action, subject to overbid procedures, in exchange for $108,000 in cash and a waiver of First-Citizens' $7,000,000 deficiency claim and its $2,000,000 administrative Chapter 11 claim.  The Trustee had investigated Debtor's legal claims against First-Citizens, including their value, likelihood of success, and estimated costs to defend.  In the Trustee's view, the uncertainty of the legal claims against First-Citizens and the possibility of protracted litigation weighed in favor of the settlement.  Finally, in the Trustee's professional judgment, the terms of the settlement were fair and equitable under Rule 9019 because, in light of the proposed overbid procedures, they presented the maximum amount that the estate and its creditors could realize for the value of the estate's claims.

In November of 2012, after no third parties bid on the sale, the bankruptcy court granted the Trustee's motion and approved the settlement agreement.  Adeli appealed the bankruptcy court's approval of the settlement to district court.  Significantly, he failed to seek a stay of the sale order.  The district court dismissed the appeal as moot under 11 U.S.C. § 363(m).  Adeli now appeals the district court's dismissal order.

## II

We review the district court's decision de novo.  *Ewell v. Diebert* (*In re Ewell*), 958 F.2d 276, 279 (9th Cir. 1992).  The bankruptcy court's factual findings are reviewed for clear error, and its conclusions of law are reviewed de novo.  *Id.*

**III**

Section 363 of the Bankruptcy Code generally allows the trustee to use, sell, or lease property of an estate, other than in the ordinary course of business, after notice and a hearing. 11 U.S.C. § 363.  Under § 363(m), the validity of a "sale or lease of property" executed under the terms of section 363 cannot be challenged on appeal "unless [the bankruptcy court's] authorization and such sale or lease were stayed pending appeal." *Id.* § 363(m).  The requirement to seek a stay pending appeal only applies to purchases of estate property that were made in good faith, and is designed to protect the interests of good faith purchasers by guaranteeing the finality of property sales. *In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1172 (9th Cir. 1988).  Relatedly here, a trustee's proposed settlement between an estate and its creditors must be approved by the bankruptcy court under Rule 9019, which allows the court to grant approval if the settlement is deemed fair and equitable.  Fed. R. Bankr. P. 9019(a); *In re A & C Props.*, 784 F.2d 1377, 1381 (9th Cir. 1986).

There is no dispute in this case that Adeli failed to seek a stay pending appeal, but he offers several arguments as to why his appeal is nevertheless not moot under § 363(m).  We address each in turn.

Adeli first argues that § 363 only applies when a trustee sells estate property, not the estate's potential legal claims. Thus, his argument goes, the requirement to seek a stay in order to avoid mootness under § 363(m) does not apply here. Although we have not addressed in a published decision whether § 363 can apply to a settlement of potential claims, the Ninth Circuit Bankruptcy Appellate Panel ("BAP") has done so. *See In re Mickey Thompson Entm't Grp., Inc.* ("*Mickey Thompson*"), 292 B.R. 415 (BAP 9th Cir. 2003).

In *Mickey Thompson*, the Ninth Circuit BAP held that "a bankruptcy court is obliged to consider . . . whether any property of the estate that would be disposed of in connection with the settlement might draw a higher price through a competitive process and be the proper subject of a section 363 sale." *Id.* at 421–22.  The BAP reasoned that "the disposition by way of 'compromise' of a claim that is an asset of the estate is the equivalent of a sale of the intangible property represented by the claim." *Id.* at 421; *see also In re Nuttery Farm, Inc.*, 467 F. App'x 711, 712 (9th Cir. 2012) ("The Bankruptcy Code allows the trustee [to seek authorization] to sell or settle a cause of action."). Similarly, two of our sister circuits have held that § 363 may be applied to the sale of an estate's legal claims.  *See In re Moore*, 608 F.3d 253, 258 (5th Cir. 2010) (holding that "[a] trustee may sell litigation claims that belong to the estate, as it can other estate property, pursuant to § 363(b)"); *In re Martin*, 91 F.3d 389, 394–95 (3d Cir. 1996) (noting that § 363 procedures may be applied to a settlement agreement that involves the mutual release of claims).

We agree with the BAP in *Mickey Thompson* and with our sister circuits, and hold that a bankruptcy court has the discretion to apply § 363 procedures to a sale of claims pursuant to a settlement approved under Rule 9019.  As the Fifth Circuit noted, "[a] compromise of a claim of the estate is in essence the sale of that claim to the defendant." *In re Moore*, 608 F.3d at 264 (quoting 10 *Collier on Bankruptcy* ¶ 6004.01 (15th ed. rev. 2009)).  We see no good reason why a trustee and the bankruptcy court cannot utilize the procedures of § 363 in certain settlements in order to ensure maximum value for the estate.[1]

---

[1] Adeli's reliance on *In re Healthco Int'l, Inc.*, 136 F.3d 45 (1st Cir.

Adeli next argues that even if § 363 applies, its requirement of a stay pending appeal should not be triggered here because the Trustee's overbid procedures did not in fact entice outside bidders, and First-Citizens is not deserving of the finality guaranteed by the stay-of-sale requirement. *See In re Healthco Int'l, Inc.*, 136 F.3d at 49. We have been reticent to carve out exceptions to the § 363(m) stay-of-sale requirement, and we again decline to do so now. *See In re Exennium, Inc.*, 715 F.2d 1401, 1404 (9th Cir. 1983) ("We are quite reluctant to invoke public policy to override the Code's express requirement that reversal of an authorization of sale not affect the sale's validity unless the authorization and sale were stayed."). We have applied the mootness rule to § 363 sales even where the purchaser was a party to the appeal, and where the purchaser had not yet taken irreversible steps following the sale. *See In re Onouli-Kona Land Co.*, 846 F.2d at 1172. Indeed, we have recognized only two narrow exceptions to § 363(m), neither of which applies here.[2] *See In re Ewell*, 958 F.2d at 280 (recognizing

---

1998), is misplaced. That case involved a settlement that was *not* processed under § 363, and thus is factually inapposite. *Id.* at 48.

[2] Adeli's argument that the language of the settlement agreement exempts him from § 363(m) lacks merit. Although we suggested in *In re CADA Investments, Inc.*, 664 F.2d 1158, 1160 (9th Cir. 1981), that express contractual language could form a basis for an exception to the stay requirement, that case preceded *In re Ewell*, 958 F.2d at 280 (recognizing "only two exceptions" to § 363(m) mootness). Assuming *In re CADA* is still good law, it is distinguishable on its facts: there, the sale documents were explicitly premised on specific appeals the parties had clearly taken into account. *See In re CADA Invs., Inc.*, 664 F.2d at 1160. The settlement agreement at issue here simply states that the transaction will be effective upon entry of a final and non-appealable order of the bankruptcy court. The Trustee and First-Citizens – the only two parties to the settlement agreement – obviously viewed this condition as satisfied, as they both executed their respective obligations

exceptions "where real property is sold subject to a statutory right of redemption" and "where state law otherwise would permit the transaction to be set aside"). Where, as here, a bankruptcy court invokes § 363 for a sale of claims pursuant to a settlement agreement, all parties are bound by § 363(m)'s requirement to seek a stay regardless of whether an outside party makes a bid on the sale. *See In re Onouli-Kona Land Co.*, 846 F.2d at 1172 ("Finality in bankruptcy has become the dominant rationale for our decisions; the trend is towards an absolute rule that requires appellants to obtain a stay before appealing a sale of assets.").

Finally, Adeli argues that § 363(m) does not apply because the sale of claims to First-Citizens was not authorized in good faith. *See* 11 U.S.C. § 363(m). Absence of good faith is "typically shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Filtercorp, Inc.*, 163 F.3d 570, 577 (9th Cir. 1998) (internal quotation marks and alterations omitted). The bankruptcy court found that the agreement "was the product of an arms-length negotiation between the Trustee and First-Citizens and entered into by the parties without collusion and in good faith." This good faith finding was supported by a declaration of the Trustee in which he stated that he met with counsel for Debtor and First-Citizens to investigate the parties' claims and explore settlement options. Adeli faults the Trustee for being insufficiently thorough in his assessment of the parties' claims, but does not identify any facts suggesting bad faith. Based on this evidence, the bankruptcy court did not clearly err in finding that First-

---

under the contract, and First-Citizens proceeded to litigate one of the causes of action against a third party until securing summary judgment in 2014.

Citizens was a purchaser in good faith for the purpose of § 363(m).

\* \* \*

We conclude that the bankruptcy court had the discretion to apply 11 U.S.C. § 363 to the settlement involving a sale of the estate's potential claims, and did not clearly err in determining that First-Citizens was a good faith purchaser of those claims. Under § 363(m), therefore, the sale may not be modified or set aside on appeal unless it was stayed pending appeal. And because Adeli failed to seek a stay, the appeal is moot. We do not reach Adeli's challenges to the propriety of the sale of claims under § 363, as such an analysis would require us to impermissibly reach the underlying merits of the settlement. *In re Exennium, Inc.*, 715 F.2d at 1404 ("[T]he equitable power to overturn a confirmed judicial sale is conditioned on the appellant's compliance with the stay requirement. . . .").

**AFFIRMED.**