**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re:  ESTERLINA VINEYARDS & WINERY, LLC, | No.    18-60015 |
| Debtor, | BAP No. 16-1428 |
| ------------------------------ | |
| CRAIG STERLING; ERIC STERLING, | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| LINDA S. GREEN, Chapter 7 Trustee; BANK OF THE WEST, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Brand, and Spraker, Bankruptcy Judges, Presiding

Submitted October 23, 2019[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and HAWKINS and BADE, Circuit Judges.

Craig and Eric Sterling, creditors and principals of Esterlina Vineyards & Winery, LLC ("Esterlina"), appeal the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's approval of a compromise ("the Compromise") between Esterlina's bankruptcy trustee and Bank of the West. Because the parties are familiar with the facts, we need not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 158, and we affirm.

We review a bankruptcy court's approval of a compromise for abuse of discretion. *Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp., (In re Debbie Reynolds Hotel & Casino, Inc.)*, 255 F.3d 1061, 1065 (9th Cir. 2001). We review a bankruptcy court's factual findings for clear error. *Adeli v. Barclay (In re Berkeley Del. Court, LLC)*, 834 F.3d 1036, 1039 (9th Cir. 2016).

The BAP properly concluded that the bankruptcy court did not abuse its discretion in approving the Compromise. To approve a compromise under Federal Rule of Bankruptcy Procedure 9019, the bankruptcy court must determine that it is "fair and equitable." *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). The Ninth Circuit instructs that in making that determination, the following factors must be considered:

2

> [1] The probability of success in the litigation; [2] the difficulties, if any, to be encountered in the matter of collection; [3] the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [4] the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986) (citation omitted). "[A]s long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed." *Id.*

Here, the bankruptcy court directly addressed the interests of creditors both at the hearing on the Compromise, and in its memorandum decision.[1] The court determined that despite the Compromise not ensuring recovery for unsecured creditors, it was in the best interest of the estate (and other creditors like administrative claimants) because of the high costs of pursuing the claims, the complexity of lender liability litigation, the refusal of the Sterlings' state court counsel to pursue the claims on a contingency basis, delay in pursuing the litigation, and the low probability of success. The record before the bankruptcy

---

[1] The court's consideration of creditors' interests differentiates this case from *Galloway v. Ford (In re Galloway)*, BAP No. AZ-13-1085-PaKiTa, 2014 WL 4212621, at *10 (B.A.P. 9th Cir. Aug. 27, 2014), where both the trustee and court failed to address the impact of the compromise on unsecured creditors, and no creditor weighed in.

court was sufficient to support its conclusions.[2]  Further, the bankruptcy court's factual finding that the Sterlings' offer was not an overbid was not clearly erroneous.

Contrary to the Sterlings' assertions, a bankruptcy court is not required to reject a proposed compromise solely because it does not benefit unsecured creditors.[3]  *A & C Props.*, 784 F.2d at 1382 ("[W]hile creditors' objections to a compromise must be afforded due deference, such objections are not controlling[.]").  And "while the court must preserve the rights of the creditors, it must also weigh certain factors to determine whether the compromise is in the best interest of the bankrupt estate."  *Id.*

We deny the Sterlings' request to exercise our equitable powers to supplement the record on appeal to consider facts uncovered in the state court action after the bankruptcy proceedings ended.  *See Lowry v. Barnhart*, 329 F.3d

---

[2] That record included, among other things, a twenty-four minute hearing on the sale, the trustee's motion in support of the sale and the Compromise agreement, the Sterlings' opposition motion, the loan documentation with the releases and waivers signed by the Sterlings, information about the underlying state court claims, and over 200 docket entries from the bankruptcy proceedings.

[3] *In re KVN Corp., Inc.*, 514 B.R. 1 (B.A.P. 9th Cir. 2014) is not to the contrary.  That case dealt with a sale of unencumbered assets through a carve-out agreement, a type of sale subject to "heightened scrutiny."  *Id.* at 7.  No such sale is at issue here.

1019, 1024 (9th Cir. 2003) (limiting supplementation of the record to

"extraordinary cases").

**AFFIRMED.**