NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LENORE L. ALBERT, Esquire,<br><br>    Debtor,<br><br>------------------------------<br><br>LENORE L. ALBERT, Esquire,<br><br>    Appellant,<br><br>  v.<br><br>FORD MOTOR CREDIT COMPANY LLC;<br>JEFFREY IAN GOLDEN, Chapter 7<br>Trustee,<br><br>    Appellees. | No.   20-60005<br><br>BAP No. 19-1000<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Lafferty III, and Taylor, Bankruptcy Judges, Presiding

Submitted November 20, 2020**
Pasadena, California

Before:  LINN,*** RAWLINSON, and HUNSAKER, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Partial Concurrence and Partial Dissent by Judge RAWLINSON

The bankruptcy court approved the sale of Lenore Albert's litigation claims under 11 U.S.C. § 363, and Albert challenges the validity of that sale on appeal. Jeffrey Golden, the Chapter 7 Trustee, argues that the sale was proper or—in the alternative—that the appeal is moot.[1] We have jurisdiction under 28 U.S.C. § 158(d)(1), and we dismiss this appeal as moot.

"Where, as here, a bankruptcy court invokes § 363 for a sale of claims pursuant to a settlement agreement, all parties are bound by § 363(m)'s requirement to seek a stay." *In re Berkeley Del. Ct., LLC*, 834 F.3d 1036, 1041 (9th Cir. 2016). If the sale is not stayed pending appeal, the appeal is moot if the sale was in good faith and is not subject to a statutory right of redemption or could not otherwise be set aside under state law. *Id.*; *see also In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1171 (9th Cir. 1988) ("Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets.").

***

*** The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

[1] Although the dissent asserts that the mootness issue "is not properly before us" because "the trustee did not file a cross-appeal challenging the [BAP's] denial of [the trustee's motion to dismiss as moot]," the lack of a cross-appeal does not prevent us from considering mootness, as "[a] prevailing party need not cross-appeal to defend a judgment on any ground properly raised below, as long as it seeks to preserve rather than to change the judgment." *S. Or. Barter Fair v. Jackson Cnty.*, 372 F.3d 1128, 1133 (9th Cir. 2004).

Here, there is no dispute that Albert did not stay the sale pending her appeal. And because there is no evidence of "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders," *In re Berkeley*, 834 F.3d at 1041, the bankruptcy court's finding that the sale was in good faith is not clearly erroneous. *See id.* at 1039. Nor could the sale be set aside under state law. All of Albert's arguments for setting aside the sale under California law are premised on the litigation claims not being the property of the estate, but the bankruptcy court correctly determined that those claims were transferred to the bankruptcy estate. *See Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 709 (9th Cir. 1986) (explaining that "regardless of whether a personal injury claim is transferable or assignable under state law, such claims become part of the bankruptcy estate") (footnote reference omitted).

Because there are no grounds for setting aside the sale under state law, and because we hold the bankruptcy court properly determined the sale was in good faith, this appeal is moot. *See In re Fitzgerald*, 428 B.R. 872, 880 (B.A.P. 9th Cir. 2010) ("Unless and until 'good faith' has been determined, the appeal is not moot under section 363(m)." (citation omitted)). Thus, it must be dismissed. We decline to "reach [Albert]'s challenges to the propriety of the sale of claims under § 363, as such an analysis would require us to impermissibly reach the underlying merits of the settlement." *In re Berkeley*, 834 F.3d at 1041.

3

**DISMISSED.**



***Albert v. Ford Motor Credit Co.,*** **No. 20-60005**
**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

Although I agree that the trustee should prevail in this case, I think it more appropriate to resolve this case on the merits, rather than making a determination that this case is moot, contrary to the conclusion reached by the Bankruptcy Appellate Panel (BAP). The majority purports to resolve this case on the basis of mootness, without mentioning the BAP's conclusion that a case is not moot if an issue of lack of good faith is raised. *See* BAP Order Denying Motion to Dismiss and Requiring Prosecution of the Appeal, filed April 19, 2019 (citing *Fitzgerald v. Ninn Worx, Sr., Inc. (In re Fitzgerald)*, 428 B.R. 872, 880 (9th Cir. BAP 2010)). The trustee did not file a cross-appeal challenging the denial of this motion, so that issue is not properly before us. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1093 n.1 (9th Cir. 2008). In addition, the majority actually addresses the merits by concluding that "the bankruptcy court's finding that the sale was in good faith was not clearly erroneous" and that the bankruptcy court "correctly determined that [Appellant's] claims were transferred to the bankruptcy estate." Rather than cloaking these merit determinations under an unpreserved mootness argument, we should conduct a straightforward merits determination.

On the merits, the bankruptcy court properly determined that Appellant's

1

emotional distress claim and claim under the Rees-Levering Automobile Sales

Finance Act were property of the bankruptcy estate, and applied the requisite

factors before approving settlement and sale of the claims. *See Arden v. Motel

Partners* (*In re Arden*), 176 F.3d 1226, 1228 (9th Cir. 1999) (delineating factors to

consider in determining if settlement of claims was fair and equitable). The

bankruptcy court did not abuse its discretion in determinating that the settlement

was reasonable based on the trustee's negotiation of the claims resulting in an

amount exceeding Ford Motor's initial offer of $50,000, particularly as no party

submitted an overbid.[1] *See id.* at 1228 (applying abuse of discretion standard in

reviewing the bankruptcy court's determination that settlement of claims was

reasonable).

Appellant's contention that the trustee lacked standing to settle or sell the

claims because the trustee was not the real party in interest in the underlying state

litigation is unavailing. "When [Appellant] declared bankruptcy, all the legal or

equitable interests [she] had in [her] property became the property of the

bankruptcy estate and [were] represented by the bankruptcy trustee," and "[c]auses

---

[1] Appellant maintains that she received an offer from Ford Motor to settle her litigation claims for $299,000. However, Appellant fails to provide any record support for this assertion. Additionally, Appellant's assertions that the trustee failed to engage in good faith negotiations in settling the claims is unpersuasive, in view of the bankruptcy court's contrary finding supported by the record.

of action are among such legal or equitable interests." *Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004) (citations and internal quotation marks omitted). As a result, the trustee was not compelled to substitute into Appellant's pre-petition litigation for standing to settle or sell the litigation claims once they became property of the bankruptcy estate. *See id.*

Contrary to Appellant's assertions, the bankruptcy court correctly determined that Appellant's emotional distress claim was not excluded by state law from the bankruptcy estate. *See Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 709 (9th Cir. 1986) (explaining that "regardless of whether a personal injury claim is transferable or assignable under state law, such claims become part of the bankruptcy estate") (footnote reference omitted).

Appellant waived any constitutional claims because she did not raise them in the bankruptcy proceedings. *See Mano–Y & M, Ltd. v. Field* (*In re The Mortgage Store, Inc.*), 773 F.3d 990, 998 (9th Cir. 2014) (explaining that "[a] litigant may waive an issue by failing to raise it in a bankruptcy court") (citation omitted). In any event, no constitutional defects were evident in the bankruptcy court's approval of the settlement and sale of the litigation claims.

Appellant's assertions that sale of the litigation claims was procedurally defective are also unpersuasive. Appellant did not demonstrate lack of service on

3

the requisite entities or any other failure to satisfy procedural requirements. *See* Federal Rule of Bankruptcy Procedure 9019(a) (providing that "[n]otice shall be given to creditors, the United States trustee, the debtor, and indenture trustees . . . and to any other entity as the court may direct"). Contrary to Appellant's assertion, the notice of sale did not provide that bidders other than Ford Motor were required to tender cash.

The bankruptcy court's order granting Ford Motor relief from the automatic stay did not preclude inclusion of the litigation claims as part of the bankruptcy estate or the subsequent settlement and sale (stating that "Movant *may* proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, including any request for attorneys fees and costs, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate. Debtor *may* litigate to judgment and recovery her claims under her cross-complaint") (emphases added).