**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DAVID KENNETH LIND,<br><br>Debtor.<br><br>------------------------------<br><br>DAVID KENNETH LIND,<br><br>Appellant,<br><br>v.<br><br>HANK SPACONE, Trustee,<br><br>Appellee. | No.   19-60038<br><br>BAP No. 18-1271<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Brand, and Spraker, Bankruptcy Judges, Presiding

Submitted March 16, 2021[**]

Before:   GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Chapter 7 debtor David Kenneth Lind appeals pro se from the Bankruptcy

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order authorizing the sale of real property, and dismissing in part, Lind's appeal. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not clearly err by finding that the purchaser of the real property was a bona fide good faith purchaser. *See Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1173-74 (9th Cir. 1988) (discussing good faith requirement for operation of mootness rule in bankruptcy; explaining that good faith does not depend on value); *see also Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010) (standard of review for bankruptcy court's findings of fact).

The BAP properly dismissed as moot the remainder of Lind's appeal because Lind did not obtain a stay of the sale pending appeal. *See* 11 U.S.C. § 363(m); *Adeli v. Barclay (In re Berkeley Delaware Court, LLC)*, 834 F.3d 1036, 1039 (9th Cir. 2016) (under § 363(m), the validity of a sale of property executed under §363 cannot be challenged on appeal unless the bankruptcy court's authorization and such sale were stayed pending appeal); *Suter v. Goedert*, 504 F.3d 982, 985 (9th Cir. 2007) (standard of review for question of mootness).

19-60038

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Lind's motion to submit a supplemental reply brief (Docket Entry No. 21) is denied.

**AFFIRMED.**