**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  POSIBA, INC.,<br><br>                        Debtor,<br>_____<br><br>KUITY CORPORATION,<br><br>                        Appellant,<br><br>  v.<br><br>LESLIE T. GLADSTONE, Ch. 7 Trustee;<br>CERTAIN UNDERWRITERS AT<br>LLOYD'S, LONDON,<br><br>                        Appellees. | No.   20-56120<br><br>D.C. No.<br>3:19-cv-01529-JLS-MDD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted October 22, 2021**
Pasadena, California

Before:  CALLAHAN and FORREST, Circuit Judges, and AMON,*** District

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    ***    The Honorable Carol Bagley Amon, United States District Judge for

Judge.

Kuity Corporation ("Kuity") appeals the district court's order dismissing Kuity's bankruptcy appeal under 11 U.S.C. § 363(m). We have jurisdiction under 28 U.S.C. § 158(d). Reviewing the district court's decision de novo, *In re Marshall*, 721 F.3d 1032, 1038–39 (9th Cir. 2013), and the bankruptcy court's factual findings for clear error and its conclusions of law de novo, *In re Berkeley Del. Ct., LLC*, 834 F.3d 1036, 1039 (9th Cir. 2016), we affirm.

1.      Kuity contends that the district court erred by dismissing its appeal under § 363(m) because the bankruptcy court never made a good faith finding in connection with the approval of a motion to sell the debtor's interest in an insurance policy. Section 363(m) provides in relevant part that:

> The reversal or modification on appeal of an authorization . . . of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).[1]

Kuity's argument is unpersuasive. A court's findings "may be stated on the record after the close of the evidence or may appear in an opinion or a

_____

the Eastern District of New York, sitting by designation.

[1] It is undisputed that Kuity did not seek a stay of the order approving the sale pending appeal.

2

memorandum of decision filed by the court." Fed. R. Civ. P. 52(a)(1); *see also* Fed. R. Bankr. P. 7052, 9014. The bankruptcy judge explicitly stated, "I'm making a good faith finding," after hearing testimony regarding the sale, and noted that neither party engaged in fraud or collusion in connection with the sale. The order approving the sale motion also, at minimum, implies a good faith finding because the sale motion stated the purchase price was fair and reasonable, and the overbid agreement—incorporated by reference in the sale order—conditioned the sale on the bankruptcy court's good faith finding under § 363(m). *See In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1174 (9th Cir. 1988) ("Ninth Circuit authority . . . does not require the bankruptcy court to make an explicit finding of good faith."); *see also In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992). This was sufficient to satisfy the requirements of § 363(m).

2. Kuity next argues that even if the bankruptcy court made a good faith finding, it is clearly erroneous. But as the district court found, Kuity waived this issue by failing to raise it in the initial appeal to the district court. *See, e.g.*, *In re Nelson*, 561 F.2d 1342, 1348 (9th Cir. 1977) (explaining that a failure to raise an issue in the lower courts generally renders that issue waived on appeal). Kuity does not challenge the district court's holding on this point in its appeal to this court, and thus has waived any argument that the district court erred in this respect. *Alaska Ctr. for the Env't v. U.S. Forest Serv.*, 189 F.3d 851, 858 n.4 (9th Cir.

3

1999) ("Arguments not raised in opening brief are waived.").

3. Because the district court did not err in holding that Kuity's appeal was statutorily moot under § 363(m), we need not reach Kuity's remaining arguments. For this same reason, the motions to strike filed by appellee Certain Underwriters at Lloyd's London (Dkt. Nos. 15–16) are denied as moot.

**AFFIRMED.**