**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: OPEN MEDICINE INSTITUTE, INC., <br><br> Debtor. | No. 22-60017 |
| SPARK FACTOR DESIGN, INC.; WORKING DIRT R2, LLC, <br><br> Appellants, <br><br> v. <br><br> FRED S. HJELMESET, Chapter 7 Trustee, <br><br> Appellee. | BAP No. NC-21-1233-FBS <br><br> Bk. No. 21-51678 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Brand, and Spraker, Bankruptcy Judges, Presiding

Argued and Submitted October 2, 2023
San Francisco, California

Before:  W. FLETCHER, CALLAHAN, and LEE, Circuit Judges.

The bankruptcy court approved a settlement agreement between Open

Medicine Institute, Inc.'s (OMI) chapter 7 trustee (Trustee) and Dr. Andreas M.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Kogelnik (a debtor in his own bankruptcy) over the objections of creditors Spark Factor Design, Inc. and Working Dirt R2, LLC. The Bankruptcy Appellate Panel for the Ninth Circuit (BAP) affirmed. Spark Factor and Working Dirt now appeal. They challenge the BAP's determination that the settlement need not be analyzed under 11 U.S.C. § 363(b), the bankruptcy court's failure to specifically analyze the compromise of OMI's claims against Dr. Kogelnik under § 363(b), and the bankruptcy court's analysis of the compromise under Federal Rule of Bankruptcy Procedure 9019. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

OMI filed for chapter 7 bankruptcy in November 2020. The relevant entities sharply dispute whose conduct led OMI to insolvency. Dr. Kogelnik, OMI's founder and former director, points the finger at Spark Factor, Working Dirt, and their affiliates (together, the Targeted Parties), who assumed control after he left OMI in June 2020. In turn, Spark Factor and Working Dirt, current principals and significant creditors of OMI, pin the blame on Dr. Kogelnik. Both sides argue the other breached their fiduciary duties.

The Trustee sought to resolve these claims for the OMI estate. In September 2021, the Trustee filed a motion to settle with Dr. Kogelnik and two of his wholly-owned companies, Basis Diagnostics, Inc. (Basis) and Open Medicine Clinic, Inc. (OMCI). Under this proposed compromise, the Trustee would (1) settle the OMI estate's claims against Dr. Kogelnik, Basis, and OMCI; (2) sell to Basis all of the

OMI estate's rights to the "Litigation Claims" against the Targeted Parties; and (3) withdraw the Trustee's proof of claim in Dr. Kogelnik's bankruptcy case with prejudice. These Litigation Claims would encompass OMI's breach of fiduciary claims against the Targeted Parties and various of OMI's rights under the Bankruptcy Code. In exchange, (1) Basis would pay $200,000 to the Trustee; (2) Basis would pursue, at its own expense, the claims against the Targeted Parties and share 55% of the net recovery on those claims with the Trustee; and (3) Dr. Kogelnik would subordinate his claim in OMI's bankruptcy to the allowed claims of all non-insiders.

Spark Factor and Working Dirt objected to the compromise. They made a written counteroffer to the Trustee, asking the Trustee to (1) settle the OMI estate's claims against the Targeted Parties; (2) sell the OMI estate's rights to several California state court breach of fiduciary duty actions against Dr. Kogelnik to Spark Factor; and (3) assign the OMI estate's proof of claim in Dr. Kogelnik's bankruptcy case to Spark Factor. In exchange, Spark Factor and Working Dirt offered (1) $300,000 in cash; and (2) to pursue the California state court actions against Dr. Kogelnik and share 100% of the net recovery on those claims with the Trustee. In short, they sought to cut a competing deal with the Trustee. Notwithstanding the counteroffer, the bankruptcy court approved the Trustee's proposed compromise with Dr. Kogelnik.

On appeal, Spark Factor and Working Dirt challenge (1) the bankruptcy court's failure to apply § 363(b) to the proposed release of OMI's claims against Dr. Kogelnik, Basis, and OMCI, which they argue constituted an effective sale; and (2) the BAP's holding that the bankruptcy court did not need to apply § 363 to the proposed sale of claims to Basis. We reject those arguments as applied to this case. Generally, bankruptcy courts can approve a proposed compromise of the estate's claims under Rule 9019 so long as it is fair and equitable. *In re A & C Props.*, 784 F.2d 1377, 1383 (9th Cir. 1986). But this circuit has stated that, at times, a proposed compromise may also fall under the scope of § 363(b), which authorizes the trustee to sell an estate asset. *See In re Berkeley Del. Ct., LLC*, 834 F.3d 1036, 1040–41 (9th Cir. 2016); *cf. In re Mickey Thompson Ent. Grp., Inc.*, 292 B.R. 415, 422 (9th Cir. BAP 2003).

This circuit has not articulated a rule for when compromises proposed under Rule 9019 should also be evaluated under § 363. But based on the specific and unique facts of this case, including the proposed integrated compromise that included a mutual release of claims, we agree with the BAP that the bankruptcy court was not required to apply § 363 to any part of the compromise in order to approve it. *See Mickey Thompson*, 292 B.R. at 422 (holding that whether to impose formal sale procedures of § 363 in the context of a Rule 9019 compromise is ultimately a matter of discretion that depends on the dynamics of the particular situation). As

4

noted by the bankruptcy court, there was no real or robust market for the breach of fiduciary duty claims, as the targeted insiders were likely the only potential purchasers. Further, the bankruptcy court reasonably found that Dr. Kogelnik's offer to the Trustee was worth more to the OMI estate than Spark Factor and Working Dirt's offer.[1]

Next, Spark Factor and Working Dirt challenge the bankruptcy court's approval of the compromise under Rule 9019. We review this approval for abuse of discretion. *Matter of Walsh Constr., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982). Under *A & C Properties*, to determine the "fairness, reasonableness and adequacy" of a proposed compromise, the bankruptcy court must consider "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." 784 F.2d at 1381 (citation omitted). The bankruptcy court found that all four factors favor granting the compromise, and the BAP affirmed. Spark Factor and Working Dirt contest the courts' findings as to the first, second, and fourth factors.

---

[1] We read the BAP's opinion in this case to suggest that bankruptcy courts have discretion as to when a Rule 9019 compromise should also be evaluated as a sale under § 363. We believe that any reading of the BAP's opinion which would render § 363 categorically inapplicable to transactions containing mutual releases would be inconsistent with *Berkeley Delaware Court*, 834 F.3d at 1038, 1040–41.

5

While the Trustee engaged in cursory analysis of some of the factors, we cannot say that the bankruptcy court abused its discretion in approving the compromise. As to the first factor, the Trustee estimated that OMI had a 50% chance of prevailing on the merits of the claims against Dr. Kogelnik, Basis, and OMCI. The Trustee's analysis was thin, but the bankruptcy court still could credit that estimation and was not required to conduct "an exhaustive investigation into the validity" of those claims. *Matter of Walsh Constr., Inc.*, 669 F.2d at 1328. As to the second factor, the Trustee cited enough circumstantial evidence suggesting that any judgment against Dr. Kogelnik, Basis, or OMCI may be uncollectable. The bankruptcy court did not abuse its discretion in deferring to the Trustee on that exercise of judgment. As to the fourth factor, the Trustee stated that the settlement would result in a material benefit to creditors through the $200,000 in cash immediately received by the estate, the subordination of Dr. Kogelnik's claim, and the potential of recovery against Spark Factor and Working Dirt. The bankruptcy court did not abuse its discretion by finding that the paramount interests of OMI's creditors would be served by such a transaction. Nor was it required to defer to the wishes of objecting creditors on this factor solely because they held a majority of claims in OMI's bankruptcy. *See In re Transcon. Energy Corp.*, 764 F.2d 1296, 1299 (9th Cir. 1985).

Ultimately, because the bankruptcy court apprised itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim[s] be litigated," it did not abuse its discretion in approving the Trustee's proposed compromise. *A & C Props.*, 784 F.2d at 1382 (citation omitted).

**AFFIRMED.**