

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MARIA ELIZABETH MONTERO LEON,<br>　　　　　　Debtor. | BAP Nos. CC-24-1112-GLF<br>CC-24-1113-GLF<br>(Related Appeals) |
| GUILLERMO ANTONIO MONTERO,<br>　　　　　　Appellant,<br>v.<br>MARIA ELIZABETH MONTERO LEON;<br>BRENDA E. VARGAS,<br>　　　　　　Appellees. | Bk No. 2:23-bk-18404-WB<br><br>**MEMORANDUM**[*] |

Appeals from the United States Bankruptcy Court
for the Central District of California
Julia Wagner Brand, Bankruptcy Judge, Presiding

Before: GAN, LAFFERTY, and FARIS, Bankruptcy Judges.

## INTRODUCTION

After Maria Elizabeth Montero Leon ("Debtor") filed her chapter 11[1] petition, her nonfiling spouse, Guillermo Antonio Montero ("Montero"), filed dissolution proceedings and recorded a notice of *lis pendens* against

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

Debtor's primary residence, located in Beverly Hills, California (the "Property"). The bankruptcy court expunged the *lis pendens* and granted Debtor's motion for sanctions against Montero and his attorney, Brenda Vargas, for willful violation of the automatic stay. The court then approved Debtor's motion to sell the Property, free and clear of all liens, claims, and interests, pursuant to § 363(f), and determined that the buyer was a "good faith purchaser" pursuant to § 363(m).

Montero appeals both orders, but none of his arguments have merit. He does not establish clear error in the court's determination that the buyer was a good faith purchaser, and because the sale of the Property was not stayed and is now complete, his appeal of the sale order is statutorily moot. Accordingly, we AFFIRM the sanctions order, AFFIRM the bankruptcy court's finding of good faith under § 363(m), and DISMISS as moot the remainder of the appeal from the sale order.

## FACTS[2]

Debtor filed a chapter 11 petition in December 2023. Her primary asset was the Property, which she valued at $12,000,000. Debtor indicated that she owned the Property as sole and separate property, but she and Montero occupied the Property as their primary residence. Debtor filed the bankruptcy to avert a pending foreclosure sale, and she expected to either

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

2

refinance the existing secured debt of approximately $5,000,000 or sell the Property. Because she was ineligible for a discharge due to a prior bankruptcy, Debtor proposed to pay all claims through her plan.

In April 2024, Debtor filed a motion to employ a real estate broker to market and sell the Property. Debtor indicated that she and Montero had become estranged during the pendency of the bankruptcy case, but she still planned to sell the Property. The court granted the motion over Montero's objection.

Debtor then filed, pursuant to § 363(b) and (f), a motion to sell the Property for $8,000,000, subject to overbid and court approval. Debtor said that inspections of the Property revealed numerous unpermitted modifications made by Montero, who was in the business of real estate development, as well as mold and termite infestation caused by water intrusion. She believed the offer was fair because the issues with the Property would require it to be demolished or extensively remodeled. Debtor noted that Home Renovators & Builders, Inc. ("HRB") owned 5% of the Property as a tenant in common but stated that she owned 100% of HRB. According to Debtor, Montero caused the interest to be transferred to HRB to stop a foreclosure sale in 2009.

Montero filed an objection to the sale motion. He maintained that the Property was worth much more than the proposed sale price and argued that notwithstanding title, he had a community property interest in the Property. Montero continued to question the experience and ability of the

3

estate's broker, and he argued that state law prohibited a sale of the Property without his consent.

Prior to the hearing, Debtor filed an emergency motion for sanctions for violations of the automatic stay. She asserted that Montero filed a petition for legal separation in state court, requesting a determination of the parties' rights in the Property, and he and his attorney, Brenda Vargas, recorded a *lis pendens* against the Property.[3] Debtor argued that Montero violated the stay by filing the dissolution proceeding, and that Montero and Ms. Vargas willfully violated the stay by recording the *lis pendens*. She claimed that by clouding title and interfering with Debtor's attempt to sell the Property, Montero and Ms. Vargas were attempting to exercise control of estate property.

In response, Montero argued he had a constitutional right to record the *lis pendens* and it was absolutely privileged under the litigation privilege of California Civil Code § 47(b). He maintained the bankruptcy court lacked authority to expunge the *lis pendens* because the state court had yet to determine ownership of the Property.

---

[3] The *lis pendens* stated: "Notice is Hereby Given that the above-entitled action concerning and affecting real property as described herein was commenced on May 1, 2024 by Petitioner, Guillermo A. Montero, against Maria Elizabeth Montero, and is now pending in [state court]. The action affects title or right to possession of the real property . . . ." The *lis pendens* was signed by Ms. Vargas on behalf of Montero on May 8, 2024 and recorded on May 16, 2024.

4

The bankruptcy court conducted a hearing on both motions in July 2024. The court granted in part Debtor's motion for sanctions for a willful violation of the automatic stay. It held that filing the dissolution action was not violative of the stay, but it concluded that Montero and Ms. Vargas recorded the *lis pendens* to control property of the estate, and doing so was not protected by either the California constitution or the California litigation privilege. The bankruptcy court held that the *lis pendens* was void and ordered it expunged. It continued the hearing on the question of sanctions to allow Montero and Ms. Vargas to file supplemental pleadings.

To ensure that the Property was adequately marketed, the court took testimony from the real estate broker, Enrique Campos, related to his marketing efforts and the effect that the condition of the Property had on its value. The court determined that the sale was in the best interest of the estate, and after a bidding process yielded an overbid, the bankruptcy court approved the sale of the Property for $8,200,000. The court held that the buyer was a good faith purchaser, and the sale was free and clear of liens, claims, and interests. The court concluded that Montero's interest in the proceeds and in the Property was subject to a bona fide dispute, and it ordered that net proceeds be held pending further orders of the court. Montero did not assert a right of first refusal or otherwise bid on the Property.

The bankruptcy court entered orders approving the sale and granting in part Debtor's motion for sanctions against Montero and Ms. Vargas. Montero timely appealed.[4]

Debtor then filed a motion for clarification, asking the court to amend the sale order to clarify that the Property would be sold free and clear of HRB's interest. After Montero objected that the court lacked jurisdiction due to the pending appeal, Debtor filed an amended motion seeking an indicative ruling. Debtor argued that because HRB had notice but did not oppose the sale, it consented to it. Alternatively, she argued that sale of the estate's interest and HRB's interest was appropriate under § 363(h).

The bankruptcy court entered an indicative ruling, pursuant to Rule 8008(a), stating that it would grant the motion and amend the order to allow the Property to be sold free and clear of HRB's interest, with HRB's interest attaching to sale proceeds. A motions panel then granted Debtor's motion for remand, and the bankruptcy court entered an order granting Debtor's motion to clarify. The court subsequently entered an order awarding sanctions against Montero and Ms. Vargas in the amount of $9,357.50. No one sought or obtained a stay of the sale order, and the sale of the Property closed on November 4, 2024.

---

[4] Ms. Vargas did not appeal the sanctions order and has not participated in these appeals.

# JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(N) and (O). Subject to our discussion of mootness below, we have jurisdiction under 28 U.S.C. § 158.

# ISSUES

Did the bankruptcy court err by holding that Montero willfully violated the automatic stay by recording the *lis pendens*?

Did the bankruptcy court clearly err by making a good faith finding under § 363(m)?

Is the appeal of the sale order statutorily moot under § 363(m)?

# STANDARDS OF REVIEW

"Whether the automatic stay provisions of 11 U.S.C. § 362(a) have been violated is a question of law reviewed de novo." *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 764 F.3d 1168, 1173 (9th Cir. 2014) (citation omitted). Mootness is also a question of law reviewed de novo. *Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 677 (9th Cir. BAP 2014). Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review a § 363(m) "good faith" finding for clear error. *Thomas v. Namba (In re Thomas)*, 287 B.R. 782, 785 (9th Cir. BAP 2002). Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010).

## DISCUSSION

**A.    The bankruptcy court did not clearly err by determining good faith under § 363(m), and the remainder of the appeal of the sale order is moot.**

Section 363(b) authorizes a debtor in possession to sell property of the estate. Pursuant to § 363(m), "when a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal." *Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.)*, 163 F.3d 570, 576 (9th Cir. 1998) (citing § 363(m)). Thus, subject to certain exceptions not applicable here, if an appellant fails to obtain a stay of an order authorizing the sale of estate assets to a good faith purchaser, and the sale is consummated, the appeal is moot. *See Adeli v. Barclay (In re Berkeley Del. Ct., LLC)*, 834 F.3d 1036, 1041 (9th Cir. 2016); *Onouli-Kona Land Co. v. Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1171-73 (9th Cir. 1988).

But § 363(m) does not moot an appeal questioning the good faith of a purchaser, and if we were to reverse the court's finding of good faith, we could examine the sale itself. *See Ferrari N. Am., Inc. v. Sims (In re R.B.B., Inc.)*, 211 F.3d 475, 480 (9th Cir. 2000). An "[a]bsence of good faith is 'typically shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" *In re Berkeley Del. Ct.*, 834 F.3d at 1041 (quoting *In re Filtercorp, Inc.*, 163 F.3d at 577). The relevant focus of inquiry is good faith

8

during the sale proceedings. *Cmty. Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985).

Although Montero does not clearly argue that the buyer was not a good faith purchaser, we liberally construe his pro se brief as raising the issue. Montero argues that the estate's broker did not properly market the Property to the public and instead "pocketed the listing" for the benefit of Debtor's current and prior attorneys. Montero contends that Ori Blumenfeld, the attorney representing the buyer, represented Debtor in a prior bankruptcy case and had confidential information about the couple's finances. Montero suggests that Debtor's attorney exercised undue influence over her and colluded with Mr. Blumenfeld to orchestrate a sale at a reduced price.

But Montero does not explain how Mr. Blumenfeld's alleged knowledge of confidential information impacted the sale process or otherwise advantaged his client over other potential bidders. And Montero does not explain how the bankruptcy court clearly erred by determining that Mr. Campos's marketing efforts were adequate under the circumstances. Montero offers only speculation of collusion without providing any evidence of bad faith.

Moreover, the bankruptcy court's finding of good faith was supported by the record. Both Debtor and Mr. Campos provided declarations establishing that the buyer was a good faith purchaser, and Mr. Campos provided testimony regarding his reasonable attempts to

9

market the Property and attract overbidders. Montero presented no contrary evidence.

Montero has not demonstrated clear error by the bankruptcy court in determining that the buyer was a good faith purchaser under § 363(m).[5] Accordingly, we affirm the bankruptcy court's § 363(m) finding and, as a result, the remainder of the appeal of the sale order is statutorily moot. S*ee In re Berkeley Del. Ct.*, 834 F.3d at 1041; *see also Lind v. Spacone (In re Lind)*, BAP No. EC-18-1271-TaBS, 2019 WL 2950167, at *4 (9th Cir. BAP July 8, 2019) (affirming the bankruptcy court's § 363(m) finding and dismissing the remainder of the appeal as moot).

## B.     The bankruptcy court did not err by determining that Montero willfully violated the automatic stay.

The automatic stay "is designed to effect an immediate freeze of the *status quo* by precluding and nullifying post-petition actions, judicial or nonjudicial, in nonbankruptcy fora against the debtor or affecting the

---

[5] Montero also makes several arguments on behalf of HRB. Montero's argument that the sale could not be free and clear of HRB's interest may not be moot. *See Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 35-36 (9th Cir. BAP 2008) ("[Section] 363(m) address[es] only changes of title or other essential attributes of a sale . . . . The terms of those sales, including the 'free and clear' term at issue here, are not protected."). But Montero lacks standing to assert HRB's claims. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Although Montero says he—and not Debtor—is the sole shareholder of HRB, he cannot appear in federal court on its behalf. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Thus, we do not address these arguments.

property of the estate." *In re Mwangi*, 764 F.3d at 1173 (quoting *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993)). The automatic stay "prohibit[s] the postpetition filing or recording of a notice of lis pendens." *Barnett v. Edwards (In re Edwards)*, 214 B.R. 613, 618 (9th Cir. BAP 1997).

Montero concedes that he recorded the *lis pendens* with knowledge of the bankruptcy, and he admitted that he recorded the *lis pendens* to assert his ownership of the Property, which he claimed had to be decided by the state court. On appeal, he makes several arguments why recording the *lis pendens* did not violate the automatic stay. Debtor argues that Montero failed to raise any of these arguments in the bankruptcy court, and she urges us to treat the arguments as waived. *See Mano-Y&M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998 (9th Cir. 2014) ("A litigant may waive an issue by failing to raise it in a bankruptcy court."). Regardless of whether Montero waived these arguments, they are meritless.

First, Montero argues that his notice of *lis pendens* is statutorily void because he did not properly serve the *lis pendens* or record the return receipt as required by California law. He misapprehends the scope of the automatic stay. Section 362(a)(3) prohibits "any act to obtain possession of property of the estate . . . or to exercise control over property of the estate," not merely acts which are legally valid. Whether Montero technically complied with state law, he created a cloud on title of the Property which interfered with Debtor's attempt to sell the Property. *See Brooks-Hamilton v.*

11

*City of Oakland (In re Brooks-Hamilton)*, 348 B.R. 512, 525 (Bankr. N.D. Cal. 2006) (holding that recording a *lis pendens* constituted a violation of § 362(a)(3)). And because recording the *lis pendens* violated the automatic stay, it was void ab initio, regardless of whether Montero complied with state law procedures. *Id.* at 523 n.17 (citing *Schwartz v. United States (In re Schwartz)*, 954 F.3d 569, 573-74 (9th Cir. 1992)).

Montero next argues that because he is an "insider" of Debtor, and not a creditor of the estate, he cannot be liable for a stay violation. But § 362(a) specifically applies to "all entities," not just creditors. Thus, § 362(a)(3) prohibits all actions to control property of the estate, whether by creditors, debtors, or third parties. *See id.* at 525 (citing *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)*, 125 B.R. 963, 971 (Bankr. N.D. Ill. 1990)).

Montero claims that Debtor did not prove that he had notice of the stay, but he admits he was present in prepetition discussions with Debtor's attorney, and he admits he began receiving notices of the bankruptcy proceedings after he attended the April 9, 2024 hearing to employ a realtor. Montero commenced the dissolution proceedings on May 1, 2024, and he recorded the *lis pendens* on May 16, 2024, with actual notice of the bankruptcy case.

Finally, Montero argues that Debtor cannot recover attorney's fees or damages under § 362(k) because such damages are recoverable only by individuals. Because Debtor is a debtor in possession, Montero argues she is not an "individual." This argument is absurd. Debtor is an individual

and her status as debtor in possession does not change that. Montero cites *Havelock v. Taxel (In re Pace)*, 67 F.3d 187 (9th Cir. 1995), in which the Ninth Circuit held that a chapter 7 trustee is not an "individual" for purposes of § 362(k) (formerly § 362(h)). Although § 1107 provides that a chapter 11 debtor in possession has the rights, title, and powers of a trustee, § 1101(1) is clear that "debtor in possession" means debtor.

Montero has not demonstrated any error by the bankruptcy court in granting the motion for sanctions and determining that Montero willfully violated the automatic stay.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's finding that the sale was to a good faith purchaser and, accordingly, we DISMISS as moot the remainder of the appeal from the sale order. We also AFFIRM the bankruptcy court's order imposing sanctions against Montero for his willful violation of the automatic stay.